MWG:AJM
F. #2026R00485

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

YOGESH SAYRANGE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

C O M P L A I N T   A N D
A F F I D A V I T   I N   S U P P O R T
O F   A N   A P P L I C A T I O N   F O R
A R R E S T   W A R R A N T

(18 U.S.C. § 844(i))

Case No. 26-MJ-137

EASTERN DISTRICT OF NEW YORK, SS:

ANTHONY MANETTA, being duly sworn, deposes and states that he is a Task

Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly

appointed according to law and acting as such.

On or about June 25, 2026, within the Eastern District of New York and

elsewhere, the defendant YOGESH SAYRANGE did knowingly, intentionally and maliciously

damage and destroy, and attempt to damage and destroy, by means of fire and one or more

explosives, buildings and other real and personal property used in interstate and foreign

commerce and in one or more activities affecting interstate and foreign commerce, to wit: a store

located on Fulton Street in Brooklyn, New York.

(Title 18, United States Code, Section 844(i))

The source of your deponent's information and the grounds for his belief are as

follows:[1]

---

[1]     Because the purpose of this complaint affidavit is to set forth only those facts
necessary to establish probable cause to arrest, I have not described all the relevant facts and

1.      I am a Detective with the New York Police Department ("NYPD") and have been employed by the NYPD for eighteen years.  For the past four years, I have also been a Task Force Officer ("TFO") with the ATF, and I am currently assigned to the Arson & Explosion Task Force, where I investigate major arsons and explosions and participate in federal arson investigations.

2.      On or about June 25, 2026, members of the NYPD responded to a report of a fire at a commercial business located on Fulton Street in Brooklyn, New York (hereinafter, the "Store").  The fire caused extensive damage to floor of the Store prior to being extinguished by the proprietor.  A photograph of the damage that the fire caused is included below:



3.      Video surveillance footage recovered from the interior and exterior of the Store shows that on or about June 25, 2026, at approximately 12:22 a.m., a male individual

circumstances of which I am aware.

wearing a camo-print hooded sweatshirt, dark pants, black backpack, and a white mask entered the store, ignited an incendiary device, and threw the device into the store.  Below is a still shot from the video surveillance depicting the individual who threw the incendiary device:



Arson investigators recovered remnants of the incendiary device, which appeared to be a green glass bottle with screws attached containing what appeared to be hair, rocks, an ignitable liquid, and other unknown contents attached to two black plastic bags with gray tape.

4.      Additional video surveillance shows that, after throwing the incendiary device, the individual walked across the street and enter a deli located on Fulton Street in Brooklyn, New York (the "Deli"). Video surveillance from inside the Deli shows that the individual entered the Deli, purchased an item, and then exited the Deli.  Below is a still shot from the video surveillance inside the Deli depicting the same individual:



5.      Additional video surveillance from a Brooklyn street camera shows that, after exiting the Deli, the same individual walked from the Deli to a nearby corner approximately one block away from the Store and Deli, where he joined an outdoor barbeque.  The video also shows the individual remove his mask, backpack, and hooded sweatshirt, turn the sweatshirt inside out, and put the sweatshirt and backpack back on.

6.      At approximately 12:45 a.m., the individual left the outdoor barbeque and returned to the Deli.  Video surveillance from inside the Deli depicts the same individual, unmasked inside the Deli making a purchase.  Below is a photo of the individual and the individual's face from inside the Deli:



As depicted above in the red box, the individual appears to be wearing the reverse side of the camo-print hooded sweatshirt worn during the incident approximately 20 minutes earlier.

7.      Pursuant to this investigation, law enforcement submitted an image of the individual unmasked inside the Deli for facial recognition analysis by the NYPD Facial Identification Section.  The results of that analysis revealed that the individual in the submitted photograph was a positive lead for the defendant YOGESH SAYRANGE, based on a photograph of SAYRANGE taken on or about June 16, 2026, in connection with an unrelated arrest.  Below is a photo of the facial recognition result:



| IMAGE SUBMITTED TO FIS | FIS POSSIBLE MATCH LEAD |
| --- | --- |

8.    A review of SAYRANGE's criminal history revealed that, on or about June 16, 2026, SAYRANGE was arrested at his residence in Queens, New York, and charged with unrelated crimes in Queens County Criminal Court.  Investigators reviewed body camera footage from SAYRANGE's June 16, 2026 arrest, which depicted SAYRANGE and the interior and exterior of his Queens residence.  I compared the body camera footage of SAYRANGE to the video surveillance from inside the Deli and, based on that comparison, have probable cause to believe that they depict the same individual: SAYRANGE. Below is a side-by-side comparison of those images:



9.      The Store operates as a distributor of imported snacks and as a smoke shop.  From my training and experience, I know that these are items that typically are sold in, and use materials from, interstate commerce.  As such, the Store operates in interstate commerce and that conducts activity affecting such commerce.

10.     Based on the foregoing, I submit there is probable cause to believe that on or about June 25, 2026, SAYRANGE committed a violation of 18 U.S.C. § 844(i) (malicious use of fire or explosives to damage or destroy property used in interstate commerce).

11.     I further request that the Court order that this application, including the affidavit and arrest warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation.  Disclosure of these materials would seriously jeopardize the ongoing investigation, as such a disclosure would give the subject of the investigation an opportunity to change patterns of behavior, notify confederates, destroy evidence, and/or flee from prosecution.

WHEREFORE, your deponent respectfully requests that an arrest warrant for the defendant YOGESH SAYRANGE issue, so that he may be dealt with according to law.

*s/ Anthony Manetta*

_____

ANTHONY MANETTA
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to before me by telephone this
__8th__ day of July, 2026

_Lara K. Eshkenazi_
_____

THE HONORABLE LARA K. ESHKENAZI
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK